UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GREGORY DAVIS, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-257-DCR |
| ) | |
| V. ) | |
| ) | |
| MARK DAVID GOSS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gregory Davis ("Davis) is an inmate at the Gilmer Federal Correctional Institution located in Glenville, West Virginia. His incarceration is the result of an indictment filed on September 5, 2002. *See United States v. Davis*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Crim. No. 5: 02-111-JMH (E.D. Ky. 2002). In November 2002, Defendant Mark Goss ("Goss") was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, by Judge Karl S. Forester of the Eastern District of Kentucky to represent Davis; however, Goss withdrew as counsel on March 17, 2003, and had no further involvement in the case. Subsequently, Davis went to trial, was found guilty on October 21, 2003, and was sentenced to imprisonment for 190 months.

Since his incarceration, Davis has filed at least six separate cases in this district, against various government entities and employees *See Davis v. Lexington Fayette Urban County Gov't*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 03-331-KSF (E.D. Ky. 2003);

*Davis v. U.S. Dep't of Justice*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 05-49-JMH (E.D. Ky. 2005); *Davis v. Areheart*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 06-370-JMH (E.D. Ky. 2006); *Davis v. United States*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 08-7034-JMH (E.D. Ky. 2008); *Davis v. Unknown Transfer Agent*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 09-01-JBC (E.D. Ky. 2009); and *Davis v. Daniel*, U.S. Dist. Ct., E.D. Ky., Central Div., Civil No. 5: 09-89-KSF (E.D. Ky. 2009). In the present case, Davis turns his focus on Goss, based on Goss' short-lived (and unfortunate) role as his attorney. Specifically, Davis alleges that Goss' representation of him was an act of "fraud, deceit, and fraudulent concealment" because Goss was appointed by the federal court and paid by the federal government while defending Davis against prosecution by the federal government. [Record No. 1]

Davis originally filed his Complaint based on Kentucky and federal law in the Harlan Circuit Court. However, Goss removed the case to this Court on July 21, 2009. After filing a motion to withdraw his federal claims, Davis now opposes removal and requests remand of his case back to the Harlan Circuit Court. [Record No. 6]

Davis' request for remand is preceded by a motion to withdraw his federal constitutional claims. [Record No. 5] This motion is clearly meant to bolster his request for remand by eliminating federal jurisdiction. However, the removability of a case is determined as of the time of removal. Thus, Davis' attempt to withdraw his federal claims has no effect on Goss' earlier removal. *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). At the time of removal, Davis alleged a violation of his 6th Amendment right to effective

assistance of counsel.[1]  Thus, the Court has jurisdiction over his claims and removal is appropriate, although it is doubtful that his claims are likely to succeed on the merits.

Goss has also filed various motions regarding a document submitted by Davis along with his Complaint, "Deposition Upon Written Questions." [Record No. 1]  Goss requests a stay of the discovery proceedings pending the Court's resolution of the removal issue or, alternatively, an extension of time for filing his answers.  [Record No. 8]  Goss also observes that Davis' "Motion for Discovery Request" demanding that Goss answer the questions contained in the "Deposition Upon Written Questions" does not comply with Fed. R. Civ. P. 31(b).

Rule 31 requires, among other things, that Davis deliver the questions to an officer in order for the officer to take Goss' testimony, and Davis has not yet done so.  As a result, the Court will direct Davis to file his "Deposition Upon Written Questions" in compliance with Rule 31 within the next thirty (30) days.  Accordingly, it is hereby

**ORDERED** as follows:

1. Davis' motion for remand [Record No. 6] is **DENIED**.  Davis' motion for an evidentiary hearing [Record No. 6] is **DENIED**, without prejudice.

2. Goss' motion for a stay pending resolution of the removal issue [Record No. 8] is **DENIED** as moot.

3. Davis' motion to withdraw reference to the United States Constitution [Record No. 5] is **DENIED**.

---

1. Goss also alleged that removal was warranted because, during his representation of Davis, he was acting "under the color of his employment with a United States agency." [Record No. 1]  It is unnecessary to address this argument at this stage of the proceedings.

4. Davis' Motion for Discovery Request [Record No. 1] is **DENIED**. Davis is directed to comply with the requirements of Federal Rule of Civil Procedure 31 within the next thirty (30) days.

This 18th day of August, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge