UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| GREGORY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 09-257-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARK DAVID GOSS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for screening pursuant to 28 U.S.C. § 1915(e). Because the Court concludes that the *pro se* Plaintiff's claims are patently frivolous, this matter will be dismissed, *sua sponte*.

**I.**

*Pro se* Plaintiff Gregory Davis filed suit in state court against Defendant Mark David Goss, one of a succession of plaintiff's former attorneys in a federal criminal case.[1] Goss removed the case to this court on July 21, 2009. On August 6, 2009, Davis filed two motions attempting to withdraw any federal claims in order to remand his case back to state court. On August 18, 2009, the undersigned denied the Plaintiff's motions to dismiss his federal claims and to remand to state court. The Court explained:

---

[1] Goss was one of five attorneys appointed on Davis' behalf. The first attorney withdrew and Davis fired his next three attorneys, including Goss. Davis was convicted after proceeding to trial with his fifth attorney. He then unsuccessfully argued in his §2255 motion that his last attorney was constitutionally deficient.

-1-

Gregory Davis ("Davis") is an inmate at the Gilmer Federal Correctional Institution located in Glenville, West Virginia. His incarceration is the result of an indictment filed on September 5, 2002. *See* United States v. Davis, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Crim. No. 5: 02-111-JMH (E.D. Ky. 2002). In November 2002, Defendant Mark Goss ("Goss") was appointed pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, by Judge Karl S. Forester of the Eastern District of Kentucky to represent Davis; however, Goss withdrew as counsel on March 17, 2003, and had no further involvement in the case. Subsequently, Davis went to trial, was found guilty on October 21, 2003, and was sentenced to imprisonment for 190 months.

Since his incarceration, Davis has filed at least six separate cases in this district, against various government entities and employees. . . . In the present case, Davis turns his focus on Goss, based on Goss' short-lived (and unfortunate) role as his attorney. Specifically, Davis alleges that Goss' representation of him was an act of "fraud, deceit, and fraudulent concealment" because Goss was appointed by the federal court and paid by the federal government while defending Davis against prosecution by the federal government [Record No. 1].

Davis originally filed his Complaint based on Kentucky and federal law in the Harlan Circuit Court. However, Goss removed the case to this Court on July 21, 2009. After filing a motion to withdraw his federal claims, Davis now opposes removal and requests remand of his case back to the Harlan Circuit Court [Record No. 6].

Davis' request for remand is preceded by a motion to withdraw his federal constitutional claims. [Record No. 5]. This motion is clearly meant to bolster his request for remand by eliminating federal jurisdiction. However, the removability of a case is determined as of the time of removal. Thus, Davis' attempt to withdraw his federal claims has no effect on Goss' earlier removal. . . . At the time of removal, Davis alleged a violation of his 6th Amendment right to effective assistance of counsel. [FN1]. Thus, the Court has jurisdiction over his claims and removal is appropriate, although it is doubtful that his claims are likely to succeed on the merits.

FN 1. Goss also alleged that removal was warranted because, during his representation of Davis, he was acting "under the color of his employment with a United States agency." [Record No. 1] It is unnecessary to address this argument at this stage of proceedings.

[Record No. 9; 8/18/09 Memo Opinion at 1-3]

In addition to denying Davis' motion to remand to state court, the Court denied Davis' closely-related motion to withdraw his federal claims. *Id.* Notwithstanding the Court's reference to the fact that it was "doubtful" that Davis' claims could succeed on the merits, the Court did not undertake a complete analysis of whether the claims were frivolous under 28 U.S.C. §1915(e) and §1915A at that time.

Davis filed a notice of appeal of the Court's August 18, 2009, Order denying remand. And while his appeal was still pending, Davis moved to compel defendant to respond to written discovery requests. On November 19, 2009, the United States Court of Appeals for the Sixth Circuit dismissed the appeal for want of jurisdiction because this Court had not entered a final or appealable order. [Record No. 15] Thereafter, the Court denied the pending motion to compel discovery, since discovery was stayed while the appeal was pending. [Record No. 18] Davis subsequently filed motions seeking a status conference as well as various discovery-related motions, all of which were denied by the undersigned or the magistrate judge to whom pretrial motions were previously referred. [Record Nos. 22, 27, 28, 32, 38]

**II.**

Whether due to the Plaintiff's improvident appeal or for other procedural reasons, Davis' underlying claims have not been screened for frivolousness under 28 U.S.C. §1915(e) and 28 U.S.C. §1915A. Screening of *pro se* prisoner cases is appropriate under the statutory framework, whether a case is initiated in state or federal court. *See e.g., Duff v. Yount,* 51 Fed. Appx. 520, 521, 2002 WL 3188756 (6th Cir., Oct. 22, 2002)(per curiam) (affirming dismissal of case removed from state court based on frivolousness, where district court found federal claims to be

frivolous and declined to exercise jurisdiction over state claims); *Crooker v. United States*, 2009 WL 6366792 (W.D. Pa. Nov. 20, 2009) (unpublished, same); *Ruston v. Dallas County*, 2008 WL 958076 (N.D. Tex. April 9, 2008) (collecting cases where screening statute applied to cases removed to federal court); *but see Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1315 (11th Cir. 2002) (holding that screening under 28 U.S.C. §1915(e) not applicable to case removed on basis of diversity jurisdiction, where claims rested solely on state law and were "unrelated to prison conditions").

The need for careful screening of Davis' Complaint is particularly evident when one considers his prior litigation history. Davis brought six separate civil cases in this district, all of which have been dismissed,[2] and additional record review demonstrates that he has filed frivolous litigation in many other courts. *See e.g., Davis v. Lexington Fayette Urban County Gov't*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 03-331-KSF (2003) (dismissed *sua sponte* as frivolous under authority of *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *Davis v. U.S. Dep't of Justice*, U.S. Dist. Ct., E.D. Ky. Central Div., at Lexington, Civil No. 5: 05-49-JMH (2005) (dismissed *sua sponte* as insufficiently pled on initial screening); *Davis v. Areheart*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 06-370-JMH (2006) (dismissed *sua sponte* on initial screening); *Davis v. United States*, U.S. Dist. Ct., E.D. Ky., Central Div., at Lexington, Civil No. 5: 08-7034-JMH (2008) (post-conviction motion filed pursuant to 28 U.S.C. §2255, denied and dismissed); *Davis v. Unknown Transfer Agent*, U.S.

---

[2] In addition to his civil litigation, Davis filed five criminal appeals and a §2255 motion in this court alone. The Sixth Circuit rejected three of his appeals while he voluntarily withdrew two others.

Dist. Ct., E.D. Ky. Central Div., at Lexington, Civil No. 5: 09-01-JBC (2009) (dismissed for failure to state a claim, litigation history noted); and *Davis v. Daniel*, U.S. Dist. Ct., E.D. Ky., Central Div., Civil No. 5:09-89-KSF (2009).

Davis' history of frivolous litigation in this court has not gone without notice. On December 18, 2006, the presiding district judge in Lexington Civil Action No. 5: 06-370-JMH included the following language in his Memorandum Opinion:

### WARNING

> As the instant action will be dismissed on the grounds of lack of jurisdiction, absolute immunity, and failure to state a claim, the Court takes this opportunity to advise the instant plaintiff further as to his conduct in this Court.
>
> This is the third *pro se* civil case which Davis has filed in this Court since his apprehension and arrest. On July 31, 2003, one year to the day after the arrest giving rise to the charges against him, he began the first case, *Gregory Davis v. Lexington Fayette Urban County Government Division of Police et al.,* Lexington No. 04-CV-331-KSF. At that time Davis had not yet been tried, but he was trying to file for damages against the arresting officers and others involved in the 2002 shoot-out and subsequent prosecution, within Kentucky's one-year statute of limitations for civil rights actions.
>
> For his first civil case, Davis paid the district court filing fee and filed a notice of intent to file a "notice of Intent to File Complaint for Damages and Relief by Jury Demand," complaining broadly about "numerous due process violations" by the named defendants. The Court liberally construed the initial pleading as a civil rights complaint, but ultimately dismissed the cause, *sua sponte*, on December 16, 2003, for lack of subject matter jurisdiction. Davis did not appeal.
>
> By February 8, 2005, Plaintiff had been convicted and was incarcerated in FC I-Gilmer. He again paid the district court filing fee and filed a formal complaint for damages, initiating *Gregory Davis v. United States Department of Justice, et al.,* Lexington No. 05-CV-049-JMH. The defendants included the same defendants as in the previous action, as well as additional persons. The complained-of events included the same events of July 31, 2002, plus additional events which occurred shortly thereafter. Upon screening this complaint pursuant to 28 U.S.C. §1915A, on April 18, 2005, the Court dismissed the action, again *sua sponte*, on the

grounds that the action was filed after the statute of limitations had expired and that the plaintiff had again pled so insufficiently that he had established no basis for this Court's jurisdiction.

The petitioner appealed this Court's dismissal of his second case, and was granted permission to proceed on appeal *in forma pauperis*. The appeal was later dismissed, however, for want of prosecution, upon Davis' failure to timely file a brief and joint appendix in that court.

In light of the foregoing litigation, the plaintiff herein should take notice of 28 U.S.C. §1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

Clearly, in this Court alone, Plaintiff Davis has on at least two occasions, while incarcerated or detained in a facility, brought actions which were dismissed for frivolousness or for failing to state a claim. He is hereby on notice that because the instant action [is also].. dismissed for failure to state a claim, pursuant to 28 U.S.C. §1915A, he may file only one more such action or he will be forever barred from proceeding *in forma pauperis* by 28 U.S.C. §1915(g), unless under imminent danger of serious physical injury.

[Record No. 7; 12/18/06 Memo Opinion at 7-8]

Ignoring this Court's express warning and its certification in the Judgment entered on December 18, 2006, that any appeal "would not be taken in good faith," Davis promptly appealed the dismissal of Lexington Civil Action No. 5: 06-370-JMH . Because an appeal that is not taken in good faith cannot be taken *in forma pauperis,* the Sixth Circuit directed Davis to either pay the filing fee or to contest the district court's determination that his appeal was not in

good faith. Davis argued that his appeal was in good faith. On October 2, 2007, the Sixth Circuit rejected that argument and denied him the right to proceed *in forma pauperis*, concluding that "an appeal in this case would be frivolous" and ordering Davis to pay the full filing fee. *Id.*, [Record No. 12] The appeal was later dismissed when Davis failed to pay the requisite fee. By filing a frivolous appeal in Lexington Civil Case No. 5: 06-370-JMH, Davis completed the filing of a third action or appeal determined to be frivolous in this Court alone.

Recognizing Davis' history in the next frivolous case filed in this court, including at least one frivolous case filed in West Virginia, the presiding district judge in Lexington Civil Action No. 5: 09-001-JBC wrote:

> With respect to Davis's motion to proceed without prepayment of the filing fee . . . the Court must deny the motion without prejudice. Davis is arguably subject to the "three strikes" bar of 28 U.S.C. §1915(g), which precludes a prisoner from receiving the benefit of Section 1915(a), (b), where he or she has previously had three or more civil suits dismissed as frivolous or for failure to state a claim. On at least **four** prior occasions, a civil suit filed by Davis has been dismissed either for lack of subject matter jurisdiction or, at least in part, for failure to state a claim. *See Davis v. Lexington-Fayette Urban County Government,* 03-CV-331-KSF, Eastern District of Kentucky; *Davis v. United States Dep't. Of Justice*, 05-CV-049-JMH, Eastern District of Kentucky; *Davis v. Arehart*, 06-CV-370-JMH, Eastern District of Kentucky (cautioning Davis of Section 1915(g) consequences); *Davis v. United States*, 07-CV-63, Northern District of West Virginia. In addition, some of these dismissals have been affirmed on appeal, although the record is insufficient to disclose whether those results were based on Davis's failure to prosecute the appeal or an affirmance on the merits. The Court need not determine at this time whether three or more of these outcomes constitute a "strike" for purposes of Section 1915(g).
>
> At this juncture, Davis's motion must be denied without prejudice for failure to include a statement of his inmate accounts . . .

[Record No. 4; 1/8/09 Order (emphasis added)] On the same date, the Court entered a separate order that held that "Davis's Complaint fails to state a claim upon which relief may be granted."

Although the Court noted that "it is questionable whether he can amend his allegations to remedy the defects" in the complaint, the court gave him the opportunity to attempt to amend "mindful . . . that Davis, a *pro se* litigant, is entitled to a liberal construction of his pleadings." [Record No. 5] Davis was subsequently granted permission to proceed *in forma pauperis* with partial payment of the filing fee and amended his complaint. On initial screening and *sua sponte*, the court dismissed the action with prejudice based upon a conclusion that the complaint, as amended, still failed to state a claim upon which relief could be granted. [Record No. 10] In other words, the dismissal in Lexington 5: 09-01-JBC was at least the **fifth** dismissal of a complaint or appeal filed by the prisoner-plaintiff in this case on grounds that the complaint or appeal failed to state a claim or was otherwise frivolous.

In fact, a party name search on the court's PACER system suggests that the Plaintiff's propensity for vexatious and frivolous litigation is far more pervasive than previously recognized by Judge Coffman in 5: 09-01-JBC. A search for cases which include the named party, "Gregory Davis," and restricted only to *civil* litigation, results in a list of 388 federal cases as of the date of this Report. Because plaintiff's name is a common one, it is unlikely that the great majority of those cases were initiated by this Plaintiff. Nevertheless, a brief review of a small sampling of cases is sufficient to convince the undersigned that the Plaintiff has filed numerous lawsuits not only in this federal court, but in the District Court of New Jersey, the District of Columbia, and the Northern District of West Virginia, many of which have been recognized as patently frivolous and all of which have been dismissed.[3] *See e.g., Davis v. Adamo*, Civil Action No. 3:

---

[3] Only a sampling has been undertaken since it would be an unproductive use of the Court's judicial resources to review each and every case.

07-34-MLC (D. N.J. 2007) (*sua sponte* dismissal of case brought against court-appointed attorney in underlying criminal case, affirmed on direct appeal); *Davis v. United States of America, et al.,* Civil Action No. 1: 08-01728-UNA (District of Columbia 2008) (denying motion to proceed *in forma pauperis* and dismissing complaint *sua sponte* as improperly filed and for failure to state a claim upon which relief can be granted); *Davis v. United States, et al.,* Civil Action No. 1:08-63-IMK (N.D. W.Va. 2007) (dismissal with prejudice of *Bivens* and FTCA claims for failure to state a claim, affirmed in direct appeal); *Davis v. DeBoo*, Civil Action No. 2: 08-77-REM (N.D. W.Va 2008) (dismissal of §2241 petition challenging 190 month Kentucky sentence); *Davis v. UK Chandler Medical Center, et al.,* Civil Action No. 1: 06-155-IMK (N.D. W.Va. 2007) (dismissing for failure to comply with court order); *Davis v. United States of America*, Civil Action No. 1: 08-00183-IMK (N.D. W.Va 2009) (dismissal on summary judgment following removal from state court); *Davis v. United States Dep't of Justice Executive Office,* 5: 08-128-FPS (N.D.W.Va 2009) (dismissing with prejudice 97 million dollar FOIA claim). In many of the Plaintiff's cases, an unsuspecting court's failure to dismiss the litigation at an early stage has led to a barrage of motions filed by Davis, all of which have been eventually denied, but not without considerable cost in terms of scarce court resources.

In an apparent attempt to escape the otherwise applicable bar of §1915(g), Davis has on several occasions (at least in this Court and in West Virginia) initiated litigation in state court. When plaintiff employed this tactic in Lexington Civil Action No. 5: 09-89-KSF, the defendants removed the case to this court. Although Davis succeeded by his maneuver in that case in evading a referral for initial screening under §1915(g), the defendants promptly moved to

dismiss. In partial response, Davis moved to disqualify the presiding district judge (who had also presided over some of his prior cases). The district judge denied the Plaintiff's motion to disqualify but before he could rule on the merits of defendants' motion to dismiss, Davis attempted to file an interlocutory appeal of that order to the Sixth Circuit Court of Appeals. That appeal was dismissed for lack of prosecution on August 7, 2009. [Record No. 19] The district court thereafter granted defendants' motion to dismiss, holding that the court was without jurisdiction to review Davis' claims for $25 million in damages due to the applicable statute of limitations and the Plaintiff's failure to present his claims first to the appropriate federal agency. Davis has appealed that dismissal to the United States Court of Appeals for the Sixth Circuit, where it remains pending.

In summary, Davis should not be permitted by this Court to evade the statute that prevents him from filing or appealing *any* additional frivolous civil litigation in federal court through procedural shenanigans, such as filing first in state court or spreading around his frivolous lawsuits among federal courts throughout the land. Nor should he escape the clear statutory bar merely because through an administrative oversight, his attempts to evade the bar were not earlier detected by the Court in this case.

### A. The Plaintiff's Complaint Is Barred by §1915(g).

Davis has been warned by this court on two prior occasions that he is subject to 28 U.S.C. §1915(g). The statute provides, in relevant part, that:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* There is no question that Davis has brought or appealed more than three prior actions or appeals that were dismissed as frivolous or for failure to state a claim. The Complaint filed in this case does not fall under the stated exception to the complete bar to further civil litigation applicable to Davis. Therefore, the Complaint will be dismissed in its entirety with prejudice. *See generally Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007) (affirming application of "three strike" rule); *In re Alea*, 286 F.3d 378 (6th Cir. 2002) (same).

### B. The Plaintiff's Claims Are Refuted By The Record and Frivolous As A Matter of Law

Although application of 28 U.S.C. §1915(g) should end the matter, the Plaintiff's claims are subject to dismissal as frivolous on multiple grounds. Like many of his prior proceedings, Davis' complaint in the instant proceeding closely relates to his prior criminal conviction in this Court. Davis has previously challenged his criminal conviction on numerous grounds in multiple courts, on direct appeal, by way of a motion to vacate brought pursuant to 28 U.S.C. §2255, and through improper post-conviction motions. In his criminal case, Davis was sentenced to a 190-month term of imprisonment.[4] On March 19, 2010, in Lexington Criminal Action No. 5: 02-111-JMH, the presiding district judge denied Davis' latest attempt to overturn his conviction, holding that the claims alleged in the §2255 motion were without merit. Davis' appeal of the denial of his §2255 motion remains pending.

---

[4] Davis succeeded on one claim on direct appeal and the Sixth Circuit originally remanded for re-sentencing. On remand, Davis was re-sentenced to the same 190 month term of imprisonment – a term that the Sixth Circuit affirmed on September 24, 2007.

In 32 pages of allegations contained in the Complaint filed in this proceeding, Davis contends that during the Defendant's relatively brief tenure as his federally-appointed attorney in the underlying criminal action, Goss violated his rights in a multitude of ways. According to Davis, Goss committed "common law fraud, constructive fraud, actionable fraud, attorney deceit, infliction of emotional distress, attorney malpractice, fraudulent concealment, Kentucky Constitution, USA Constitution." Virtually all of these various claims rest on a single allegation: that Goss "concealed" the fact that his fees were being paid by the United States. [Record No. 1, p. 7] In addition to this alleged concealment by his criminal defense counsel, Davis summarily alleges that Goss also "failed to inform Plaintiff" that counsel "had a family relationship with Judge Karl Foster [sic]." *Id.* at 12. The alleged "family relationship" is not specified or identified.

According to Davis, he discovered defendant's alleged "deceit" "[o]n or about 2005." *Id.* at ¶19, p. 16. As a result of this alleged improper conduct, Davis seeks compensatory damages of nearly 15 million dollars and punitive damages in excess of 20 million dollars. *Id.* at 17.[5]

The alleged factual basis for all of Davis' claims is flatly contradicted by the criminal record in the underlying criminal case, Lexington Criminal No. 5: 02-111-JMH. In the underlying criminal proceeding, as in all federal cases in which appointment under the Criminal Justice Act is made, Davis was fully-informed and advised of his right to request the appointment of counsel by the Court on his behalf if he was unable to pay for a private attorney.

---

[5] As noted elsewhere in this opinion, Davis' frivolous civil complaints typically seek multi-million dollar damage awards.

Davis took full advantage of that right on no fewer than five separate occasions in Lexington Criminal No. 5: 02-111-JMH as he proceeded through a succession of attorneys prior to his conviction. Davis' allegations in this civil Complaint that he was unaware that one of his five court-appointed attorneys[6] was in fact being paid through government funds is not only contradicted by the record in this case but, quite frankly, is ludicrous. Under such circumstances, it is proper for this court to dismiss allegations that are wholly incredible as frivolous. 28 U.S.C. §1915(e)(2)(B)(I) and §1915A.

In addition to being factually incredible, Davis' claims are legally frivolous. His claims rest on a legal premise that is inherently false: that it poses a conflict of interest, constitutes "fraud," and/or is otherwise violative of the Sixth Amendment or improper, for counsel to be appointed under the Criminal Justice Act in any case prosecuted by the United States Attorney. As another court succinctly stated while dismissing an identical claim:

> [T]he Sixth Amendment to the U.S. Constitution sets forth that every criminal defendant is entitled to "Assistance of Counsel". . . . In order to comply with this Constitutional requirement, the Court (which, although an arm of the U.S. Government, operates independently from the U.S. Attorney's Office) provides indigent defendants with counsel free of charge, by paying counsel's fees. *See* 18 U.S.C. §3006A. This is a Constitutional obligation; it is not a "conflict of interest" on defense counsel's part.
>
> Finally, Sanford argues that his counsel was ineffective because he did not disclose . . . the alleged conflict of interest that resulted from the United States paying counsel's fees. Again, this argument is frivolous. First . . . no conflict of interest existed. Second, as noted above, counsel's fees were not paid by the U.S. Government's prosecuting arm, the U.S. Attorney's Office, but rather through the Court. Third, even if Sanford's attorney never expressly told him that the

---

[6] Davis makes no similar allegations against the remaining four court-appointed attorneys, even though the record reflects that all were appointed under the CJA in virtually identical proceedings.

> "Government" (again, through the Court) was paying his fees, Sanford should have presumed this was the case. After all, Sanford paid nothing for his representation, and must have known that his attorney was getting paid somehow. And, given that the Court appointed his attorney, Sanford should have understood that the Court also paid him. Thus, this argument is also without any merit.

*Sanford v. United States,* 2009 WL 2524891 (E.D.N.Y. August 14, 2009) (unpublished, text available on Westlaw); *United States v. Odiodio*, 2005 WL 2990906 (N.D. Tex. Nov. 7, 2005) (unpublished, rejecting identical claim); *United States v. Francies*, 2002 WL 3145496 (N.D. Ill., Oct. 24, 2002) (same).

### C. Davis' Civil Rights Claim Is Barred.

Davis' Sixth Amendment claim against Goss is also barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477 (1994), and as a matter of law because Goss was neither a state agent nor a federal agent operating under color of law.

On October 21, 2003, a jury convicted Gregory Davis of two violations of 18 U.S.C. §§111(a)(1) and (b). *See United States v. Davis*, Lexington Criminal Action No. 5: 02-111-JMH [Record No. 97] On December 22, 2003, United States District Judge Karl S. Forester imposed a 190-month sentence. [Record No. 110] Although the case was later remanded for re-sentencing in accordance with *United States v Booker*, 543 U.S. 220 (2005), Davis was eventually re-sentenced to the same 190 month term. The Sixth Circuit affirmed this sentence. [Record Nos. 171, 172] Neither Davis' underlying conviction, nor his 190-month sentence, have been reversed on direct appeal, expunged by executive order, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. His most recent attempt to vacate his conviction and sentence through a motion

brought pursuant to 28 U.S.C. §2255 was rejected. [Record No. 250; 3/19/10 Memo Opinion]

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court barred lawsuits for damages via 42 U.S.C. §1983 unless and until the underlying conviction has been invalidated. Absent a favorable termination of his criminal conviction, a judgment in Davis' favor in this civil action would necessarily imply that his federal criminal conviction was illegal. Because Davis has not demonstrated and, at this juncture, will never be able to demonstrate a "favorable termination" of his criminal conviction, *Heck* does not permit him to collaterally challenge his conviction by way of this civil action against his court appointed attorney.

Davis' Sixth Amendment claim against Goss also fails because it is not cognizable in a civil suit for damages. Defendant Goss is a private individual, and the Sixth Amendment restrains only governments, not private individuals. Neither public defenders nor court appointed criminal defense counsel qualify as either state or federal actors. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L. Ed.2d 509 (1981) (holding that a public defender is not a state actor when performing the traditional functions as defense counsel); *Anderson v. Sonenberg*, 111 F.3d 962 (D.C. Cir.1997) (unpublished table decision) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of [a suit for money damages under] *Bivens* [v. *Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed.2d 619 (1971)].").

Just as an attorney does not act under color of state law in representing a criminal defendant in state court proceedings, an attorney does not act under color of federal law in representing a criminal defendant in federal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir.1982). Therefore, a Sixth Amendment civil rights action cannot be maintained against an appointed lawyer, even one employed by the federal government, because he does not act under color of federal law. *See Polk County*, 454 U.S. at 317-18; *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984); *Cox*, 685 F.2d at 1099. Defendant Goss is neither a state nor a federal actor and, as such, he is not amenable to suit in this action.

This is not the only time that Davis will have heard virtually the same analysis from a federal court. The undersigned located among the samples of the Plaintiff's many prior frivolous cases an analogous complaint. In *Davis v. Adamo*, Civil Action No. 3: 07-34-MLC (D. N.J. 2007), Davis filed suit against his court-appointed attorney on direct appeal (different than the named defendant in this case), arguing, in part (as he does here), that counsel violated American Bar Association Rules, failed to diligently represent him on appeal, and committed legal malpractice. The presiding district judge dismissed the complaint as frivolous upon initial screening pursuant to 28 U.S.C. §1915(e) and §1915A, concluding based upon a wealth of established case law that a court-appointed attorney cannot be sued under *Bivens* or under 42 U.S.C. §1983 because he "does not act under color of law when representing clients in a legal capacity." [Record No. 2 at p. 4] The court went on to dismiss Plaintiff Davis' related state law claim for legal malpractice without prejudice.

Davis initially appealed but later dismissed his appeal to the United States Court of Appeals for the Third Circuit. [Record No. 7]

> In a similar case brought by a different enterprising plaintiff in the Sixth Circuit, *Bradshaw v. Jayaraman*, 205 F.3d 1339 (6th Cir. 1999)(Table, text available on Westlaw), the plaintiff also filed suit against his appointed criminal defense attorney and other defendants in state court, alleging legal malpractice and violation of his Sixth Amendment rights. The defendants removed the action to federal court where the district court dismissed the claims as frivolous. The Sixth Circuit affirmed the dismissal of the federal claims but remanding the remaining certain claims to state court on the basis that those claims were not clearly frivolous under state law. In contrast to *Bradshaw* and the plaintiff's prior New Jersey case, in this case both plaintiff's federal claims and his related state claims are frivolous as a matter of law.[7]

### D. The Plaintiff's *Bivens* and State Law Claims Are Barred By The Applicable Statute of limitations.

Finally, the Court notes that both Davis' *Bivens* claim and his state law claim for legal malpractice are barred by applicable one-year statutes of limitations. *See Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003); KRS §413.245. In his Complaint, Davis alleges that he discovered Goss' alleged wrongdoing in 2005, but he did not file suit until 2009.

### III.

Based upon Davis' extraordinary history of frivolous litigation in both state and federal courts, his attempts to evade the strictures of 28 U.S.C. §1915(g), and the precise claims included in the present Complaint, both his state and federal claims will be dismissed with prejudice. This particular Plaintiff, through his history of frivolous litigation, has

---

[7] Unlike the state of Tennessee in *Bradshaw*, the Commonwealth of Kentucky has adopted the *Heck* doctrine and there is no reason to further waste judicial resources by remanding any claims to state court.

unnecessarily consumed an inordinate amount of this Court's time and resources. Accordingly, it is hereby

**ORDERED** that the plaintiff's complaint in its entirety be **DISMISSED WITH PREJUDICE** as barred by 28 U.S.C. §1915(g) and for other reasons more fully stated herein, and that this case be dismissed from the active docket. It is further **ORDERED** and the Plaintiff is again **NOTIFIED** that, unless under imminent danger of serious physical injury, Plaintiff Gregory Davis is forbidden from filing further civil litigation in this court considering his intentional evasion of the requirements of 28 U.S.C. §1915(g).

The Clerk of the Court is also **DIRECTED** to send a courtesy copy of this Memorandum Opinion and Order to the United States District Court for the Northern District of West Virginia for distribution as appropriate.

The Court further **CERTIFIES** that any appeal of the Court's order would not be taken in good faith.

This 10th day of May, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge